Ryan T. Mangum, SBN 034344
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Fax:  602-778-3750
ryan.mangum@ogletree.com
Attorneys for Defendant, Best Western International, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>  v.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites; Best Western International, Inc.,<br><br>  Defendants. | No.  3:20-cv-08333-ESW<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

Defendants, Kingman Investments, LP, d/b/a Best Western Plus a Wayfarer's Inn & Suites (the "Hotel") and Best Western International, Inc. ("BWI") (collectively, the Hotel and BWI are "Defendants") respond to Plaintiff's Motion to Remand (the "Motion") Counts 6 (Consumer Fraud – Brand Deceit), Count 7 (Civil Conspiracy), and Count 8 (Aiding and Abetting). [Doc. 7.] This Court should deny Plaintiff Peter Strojnik's Motion because the Court has original jurisdiction, supplemental jurisdiction—or both—over Counts 1 and 3 through 8. Each of Mr. Strojnik's causes of action arise out of a common nucleus of operative fact – his purported disability, his purported visit to the Hotel's property and Defendants' booking website, and the alleged damages he incurred as a result. Thus, because Counts 1 and 3 through 8 arise under the "laws . . . of the United States," 28 U.S.C. § 1331, and because this Court may exercise supplemental jurisdiction over Mr. Strojnik's remaining claims pursuant to 28 U.S.C. § 1367(a), Mr. Strojnik's argument that

Counts 6, 7, and 8 should be remanded under Section 1441(c) is meritless. Moreover, this Court should not grant Mr. Strojnik's Motion because remanding Counts 6, 7, and 8 would not serve the values of judicial economy, convenience, fairness, and comity.

## I.  FACTUAL BACKGROUND

Mr. Strojnik is a former attorney who, in 2019, was disbarred from practicing law in Arizona for filing thousands of meritless Americans with Disabilities Act ("ADA") accessibility lawsuits. Undeterred, Mr. Strojnik is now filing ADA lawsuits as a *pro se* litigant and seeking tort damages for purported barriers to accessibility prohibited by the ADA that he alleges to have personally encountered at various hotels, including the Hotel.[1] *See, e.g.*, *Strojnik v. Kapalua Land Co. Ltd.*, 379 F. Supp. 1078, 1079–80 (D. Haw. 2019) (discussing Mr. Strojnik's ADA litigation and disciplinary history). Courts have not taken kindly to Mr. Strojnik's persistent gambit, as the United States District Courts for the Northern District of California and the Central District of California have declared Mr. Strojnik a vexatious litigant, *see Strojnik v. SCG Am. Constr. Inc.*, No. SACV191560JVSJDE, 2020 WL 4258814, at *6-8 (C.D. Cal. Apr. 19, 2020); *Strojnik v. IA Lodging Napa First LLC,* No. 19-CV-03983-DMR, 2020 WL 2838814, at *6-13 (N.D. Cal. June 1, 2020), and the United States District Court for the District of Hawaii found that he has "acted in bad faith[.]" *Strojnik v. Host Hotels & Resorts, Inc.*, CV 19-00136 JMS-RT, 2020 WL 2736975, at *7 (D. Haw. May 26, 2020).

The Complaint filed in this action marks the latest chapter in Mr. Strojnik's ceaseless crusade to commandeer the ADA in pursuit of his own pecuniary gain. Mr. Strojnik alleges Defendants' booking website does not properly identify ADA-accessible features on the Hotel's property. *See* Compl. at ¶¶ 28-32. He further alleges that, on August

---

[1] Since his suspension from practicing law, Plaintiff has filed more than 200 ADA accessibility lawsuits as a *pro se* litigant. Because he is intimately familiar with Title III, Plaintiff is well aware that the ADA does not provide for damages, and instead only provides for attorneys' fees and injunctive relief. As Plaintiff is no longer acting as an attorney, but is instead acting as a *pro se* litigant, he cannot recover monetary relief for any alleged violations of Title III. In an attempt to circumvent this issue, Plaintiff has included an assortment of invalid state law tort claims based on the same facts as his ADA claim in an attempt to recover monetary damages where he otherwise could not under the ADA.

26, 2020, he encountered barriers at the Hotel that purportedly denied him "full and equal" access to the facility in violation of the ADA. *Id.* at ¶ 32.

In support of his consumer fraud claim (Count 6), Mr. Strojnik alleges the Hotel deceptively holds itself out under BWI's brand name so that it may hide its true ownership and operational management. *Id.* at ¶ 83. Mr. Strojnik also claims this purported misidentification is evident through Defendants' booking website and the signage on its property. *Id.* at ¶ 85-86. As part of his civil conspiracy to commit fraud claim (Count 7), Mr. Strojnik alleges, "Defendants [BWI] and [the Hotel] agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means." *Id.* ¶ 106. In connection with Count 8, Mr. Strojnik further alleges that BWI aided and abetted the Hotel to commit consumer fraud by providing signage and maintaining "a website platform upon which [the Hotel] advertised its rooms with false and misleading accessibility disclosures" with respect to the ADA. *Id.* at ¶ 111.

## II.   LEGAL ARGUMENT

### A.   This Court has original jurisdiction over Counts 1 and 3 through 8.[2]

A district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331.  Thus, this Court has original jurisdiction over all of Mr. Strojnik's claims except for Count 2, as they arise under the "laws . . . of the United States." 28 U.S.C. § 1331. Mr. Strojnik requests relief under Title 42 of the United States Code and 28 C.F.R. 36.501 in connection with Count 1, *see* Compl. [Doc. 1-3] at 23:13–27, and Counts 3 through 8 are premised solely on purported violations of the ADA, for which Mr. Strojnik seeks injunctive relief in the form of an "order requiring that Defendants engage in a corrective informational campaign," *id.* at 26:1–3, 27:1–3, 28:4–6, 30:17–19, 32:11–13, 33:15–17.  This gives rise to original jurisdiction over Counts 1 and 3 through 8. Indeed, when "a state law claim for injunctive relief . . . [is] premised solely

---

[2] Defendants maintain that Plaintiff's claims all lack merit, and that they should ultimately be dismissed as set forth in Defendants' forthcoming Motion to Dismiss; however, this Court is the proper venue to order dismissal as it has original jurisdiction over Counts 1 and 3-8, and supplemental jurisdiction over Counts 2-8.

3

on a violation of the ADA[,] . . . federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages." *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002); *see also, e.g.*, *Wander v. Kaus*, 304 F.3d 856, 587, 860 (9th Cir. 2002) (citing *Pickern* with approval but noting that the plaintiff's "request for injunctive relief had become moot when the [defendants] ceased to own the property" where the purported ADA violations occurred); *Thurston v. ClearPath Lending, Inc.*, SACV182094JVSJDEX, 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019) ("The Court's conclusion in *Pickern* regarding state law claims for injunctive relief premised solely on a violation of the ADA is correct."). Thus, the Court should deny the Motion because it has original jurisdiction over Counts 1 and 3 through 8.

**B. The Court has supplemental jurisdiction over Counts 2 through 8 because they form part of the same case or controversy as the Counts over which the Court has original jurisdiction.**

Even if the Court has original jurisdiction over Count 1 alone—which is incorrect, because the Court also has original jurisdiction over Counts 3 through 8—it nonetheless has supplemental jurisdiction over all remaining Counts under 28 U.S.C. § 1367(a). Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To determine whether claims form "part of the same case or controversy," courts must evaluate whether federal claims and state-law claims "involve a common nucleus of operative facts." *In re Pegasus Gold Corp.*, 394 F. 3d 1189, 1195 (9th Cir. 2005).

All causes of action for which Mr. Strojnik seeks relief arise from Defendants' purported violations of the ADA and involve a common nucleus of operative facts. As the Complaint expressly states, all Counts Mr. Strojnik alleges are based on the operative facts alleged between page 3, line 5 and page 22, line 28 of the Complaint. The common nucleus of operative facts set forth therein rests on three core factual allegations: (1) Mr. Strojnik

4

suffers from physical disabilities and requires access to ADA-compliant facilities, *id.* ¶¶ 18–28; (2) the Defendants' booking website violates the ADA because it purportedly lacks sufficient detail for Mr. Strojnik to "assess independently" whether the Hotel meets his "accessibility needs" and contains ADA-related "misrepresentations of fact," *id.* ¶¶ 30–31; and (3) "conditions at the Hotel" purportedly include "barrier[s]" that "deny [Mr. Strojnik] 'full and equal' access" such that "he personally suffered discrimination under the ADA on account of his disability," *id.* ¶ 32. All such allegations arise from purported events that took place on the same day, at the same locations, and between the same parties. Mr. Strojnik's claims thus involve a common nucleus of operative facts.

There is no merit to Mr. Strojnik's insistence that Counts 6 through 8 have "no common facts [with] the ADA claim," Mot. [Doc. 7] at 4:23–24, as all Counts expressly incorporate by reference the three core factual allegations set forth above, Compl. [Doc. 1-3] at ¶¶ 33, 39, 51, 59, 68, 82, 92, 110. Further, all Counts—including Counts 6 through 8--are based on Defendants' purported violation of the ADA: Count 2 is based on the purported existence of "ADA accessibility barriers" at the Hotel, *id.* ¶ 40; Counts 3, 4, and 5 are based on purportedly "false information regarding ADA compliance" and "partial disclosures of ADA compliance," *id.* ¶¶ 56, 61, 69–71; Count 6 is based on the allegation that Mr. Strojnik was damaged by purported misrepresentations about the Hotel's true owner—the same damages he purportedly suffered by the alleged ADA violations, *id.* ¶¶ 5-6, 88-89; and Count 7 expressly connects Mr. Strojnik's civil conspiracy claim to his ADA claim by alleging that "Defendants...agreed to accomplish an unlawful purpose, the sale of rooms to the **disabled travelers with false accessibility information**, and did so by unlawful means," *Id.* ¶ 106 (emphasis added). Count 8 confirms that all Counts are closely intertwined and have a common nucleus of operative fact: "[BWI] aided and abetted [the Hotel] in providing [the Hotel] with a website platform in which [the Hotel] committed **misrepresentations relating to accessibility**." *Id.* ¶ 112 (emphasis added). Because all Counts are closely related to—and even necessarily depend upon—Mr. Strojnik's allegations relating to the ADA, all Counts arise from a common nucleus of

5

operative fact, such that this Court may exercise supplemental jurisdiction over any and all Counts over which it lacks original jurisdiction. The Court should reject Mr. Strojnik's request for a remand of Counts 6 through 8.

### C. Section 1441(c) does not apply because the Court has original jurisdiction, supplemental jurisdiction, or both, over all Counts.

Mr. Strojnik's arguments under 28 U.S.C. § 1441(c) are unavailing because the Court has original jurisdiction, supplemental jurisdiction—or both—over all Counts, including Counts 6 through 8. Section 1441 applies only to claims "not within the original or supplemental jurisdiction of the district court[.]" 28 U.S.C. § 1441(c)(1)(B); *accord S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Texas, Inc.*, 964 F.3d 369, 374 (5th Cir. 2020) ("When the requirements of original or supplemental jurisdiction are not satisfied, 28 U.S.C. § 1441(c)(2) governs the disposition of the extraneous state law claims."); Fed. Prac. & Proc. Juris. § 3722.3 (Rev. 4th ed.) ("Section 1441(c) applies when a federal-question claim, within the meaning of Section 1331 of Title 28, is joined with a claim that is not itself such a federal question and that is not within the supplemental jurisdiction of the federal courts[.]"). As set forth above, all Counts either arise under the laws of the United States, such that the Court has original jurisdiction under 28 U.S.C. § 1331, or arise out of a common nucleus of operative facts as Counts over with the Court has original jurisdiction, such that supplemental jurisdiction exists under 28 U.S.C. § 1367. Section 1441(c) does not apply; the Court should reject Mr. Strojnik's insistence to the contrary.

### D. Judicial economy weighs in favor of this Court exercising supplemental jurisdiction over all Counts, including Counts 6 through 8.

Courts look to the "values of economy, convenience, fairness, and comity" when determining whether to exercise supplemental jurisdiction. *Corner Edge Interactive LLC v. Johnson*, No. CV-19-05404-PHX-SRB, 2020 WL 3121191, at *4 (D. Ariz. Apr. 20, 2020) (quoting *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)). The Court should exercise supplemental jurisdiction over all Counts for which it lacks original

6

jurisdiction, as declining supplemental jurisdiction would result in duplicative litigation. Indeed, inasmuch as Arizona courts "generally defer to federal courts' interpretation of federal law," *Cimarron Foothills Cmty. Ass'n v. Kippen*, 206 Ariz. 455, 458 ¶ 6 (App. 2003), and being that the ADA and all Counts Mr. Strojnik alleges are inextricably intertwined, it is highly likely that the Mohave County Superior Court will defer to this Court's rulings and findings on the Counts over which it has original jurisdiction.  Thus, the values of judicial economy, convenience, fairness, and comity weigh in favor of exercising supplemental jurisdiction.

### III.  CONCLUSION

For the reasons stated above, this Court should deny Mr. Strojnik's Motion to Remand.

RESPECTFULLY SUBMITTED this 5th day of January 2021.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> By:  s/ Ryan T. Mangum_____
> Ryan T. Mangum
> Esplanade Center III, Suite 800
> 2415 East Camelback Road
> Phoenix, AZ  85016
> Attorneys for Defendant, Best Western International, Inc.,

FENNEMORE CRAIG, P.C.

By: <u>s/ Todd Kartchner (with permission)</u>
Todd Kartchner
Brett C. Gilmore
2394 E. Camelback Road
Suite 600
Phoenix, AZ 85016
Telephone: (602) 916.5000
tkartchner@fennemorelaw.com
bgilmore@fennemorelaw.com

Attorneys for Defendants Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites;

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January 2021, the foregoing document was filed through the CM/ECF system and served on the following by email/mail:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com
Plaintiff pro se


s/ Bernadette Young

45493414.2

9