Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>                                   Plaintiff,<br>vs.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites; Best Western International, Inc.<br><br>                                   Defendants. | Case No: 3:20-cv-08333-ESW<br><br>**REPLY RE MOTION TO REMAND ARIZONA CONSUMER FRAUD ACT – BRAND DECEIT CLAIM, COUNT 6, TO SUPERIOR COURT FOR LACK OF JURISDICTION PURSUANT TO 28 U.S.C. 1441(c)** |

LAW

28 U.S.C. §1441 provides in subsection (c):

(c) JOINDER OF FEDERAL LAW CLAIMS AND STATE LAW CLAIMS.—

(1) If a civil action includes—

   (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

   **(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).**

   **(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.** …

28 U.S.C. §1441(c)(2) is mandatory. ("the district court *shall*...")

28 U.S.C. § 1441(c) provision demands the removal of an entire case when a claim that is removable on the basis of federal question jurisdiction is joined with otherwise nonremovable claims or causes of action. The nonremovable claims must then be severed and remanded to the state court from which the action was removed. 16 Moore's Federal Practice - Civil § 107.59 (2018).

Nonremovable claims are those over which the Court lacks original or supplemental jurisdiction.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, where the Court's original jurisdiction is premised on a federal claim under 28 U.S.C. § 1331, nonfederal claims are part of the same "case" when they "derive from a common nucleus of operative fact[s] and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)), superseded by statute on other grounds as stated in Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005).

## FACTS

There are no common facts between the ADA claim and the brand deceit claim. The ADA claim asks whether discrimination occurred. To answer this question, Plaintiff must prove that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his or her disability. 42 U.S.C. §§ 12182(a)-(b); Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.,* 603 F.3d 666, 670 (9th Cir. 2010). Elements 1 and 2 are easily proven: Plintiff is disabled and Defendant owns a hotel. The third element – whether Plaintiff was denied access on the basis of disability –

is met if there was a violation of applicable accessibility standards. *Chapman v. Pier I Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)

On the other hand, the ACFA "makes it unlawful to use 'any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact' when selling or advertising merchandise." *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, 300 P.3d 907, 908-09 (App. 2013) (quoting A.R.S. § 44-1522(A)). "The [ACFA] provide[s] injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions." Id. at 32, 300 P.3d at 909 (quotations and citations omitted). In furtherance of the remedial goals, the Arizona supreme court has recognized a private right of action under the AFCA. Id. at 909 (citing *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 575-76, 521 P.2d 1119, 1121-22 (Ariz. 1974)). In order to prevail, "a plaintiff must establish that (1) the defendant made a misrepresentation in violation of the Act, and (2) defendant's conduct proximately caused plaintiff to suffer damages." *Cheatham v. ADT Corp.*, 161 F.Supp.3d 815, 825 (D. Ariz. 2016)

There is no "common nucleus" of operative facts between the ADA claim and the ACFA claim.

RESPECTFULLY SUBMITTED 7th day of January, 2021,

                **PETER STROJNIK**

                Peter Strojnik
                Plaintiff

ECF filed and served.