Ryan T. Mangum, SBN 34344
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Fax:  602-778-3750
ryan.mangum@ogletree.com
Attorneys for Defendant, Best Western International, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>   Plaintiff,<br><br>v.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites; Best Western International, Inc.,<br><br>   Defendant. | No.  3:20-cv-08333-JJT<br><br>**DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

Defendant Best Western International, Inc. ("BWI") hereby moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  This Motion is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

With respect to his Complaint under the Americans with Disabilities Act, Plaintiff has asserted two claims against BWI—civil conspiracy and aiding and abetting a violation of the Arizona Consumer Fraud Act, which Plaintiff has styled as "brand deceit."  It is well-settled that in order to state a claim for aiding and abetting an unlawful act or conspiracy to commit an unlawful act, there must first be an unlawful act.  Here, Plaintiff makes the stunning contention that the "unlawful act" that BWI has committed is having a contractual relationship with the owner of the Wayfarer's Inn & Suites in Kingman,

Arizona, which is owned by Kingman Investments, LP ("Kingman"). This is not unlawful. Parties are permitted to contract with one another. The agreement between BWI and Kingman here is completely legal and commonplace. Nor has plaintiff properly pled any fraudulent act by BWI. There is nothing fraudulent about a brand licensing its trademarks to a third party, like a hotelier, for its use. And while Plaintiff, a disbarred lawyer, feigns ignorance as to whether BWI or Kingman owns the hotel, Plaintiff knows very well from the hundreds of other cases that he has filed over the years against independent owners of Best Western branded and other hotels that each Best Western branded hotel is independently owned and operated. This complaint is yet another effort by the Plaintiff, who was disbarred for similar conduct in filing ADA complaints, to abuse and frustrate the ADA's central purpose. Plaintiff cannot state a claim upon which relief can be granted, has no damages, and his claims against BWI must be dismissed with prejudice.

## BACKGROUND FACTS[1] AND PROCEDURAL HISTORY

On November 9, 2020, Plaintiff filed his ADA Complaint in this matter in the Superior Court for the State of Arizona in the County of Mojave against Kingman and BWI. BWI is an Arizona non-profit corporation headquartered in Phoenix, Arizona. Its members are independent owners of hotel properties; member hotels are separate and distinct business entities. Kingman is one such member. BWI acts in the manner of a cooperative marketing association as recognized by A.R.S. §§ 10-2001 *et seq.* BWI licenses the use of the "Best Western" name and logo, operates a cooperative reservation system, engages in advertising, obtains volume discounts on hotel supplies, and offers its members various other services.

On December 14, 2020, Defendant Kingman removed the matter to this Court

---

[1] Plaintiff provides virtually no actual facts in the case, other than to describe his alleged disability (Paragraphs 18-26), state that he visited the booking website regarding the hotel in question and visited the hotel (Paragraphs 29-31), and to describe the alleged barriers that purportedly existed at the hotel (Paragraph 32). Plaintiff asserts no facts whatsoever regarding BWI; instead, Plaintiff only mentions BWI in the context of flights of fancy and legal conclusions.

2

pursuant to 28 U.S.C. §§ 1331, 1441(a)(c), and 1446, on behalf of all Defendants. (Docket No. 1). The federal statute upon which Defendants based their removal is Title III of the Americans with Disabilities Act ("ADA"), which is the centerpiece of Plaintiff's Complaint.

Plaintiff is no stranger to Title III, as from 2015 – 2018, Plaintiff was the most prolific ADA plaintiffs' attorney in the country. He filed more than 2000 copy-and-paste Title III lawsuits in Arizona state and federal courts alone and collected more than $1.2 million in settlements. By 2018, the State Bar of Arizona had seen enough. The Bar moved for an immediate suspension of Plaintiff's law license, and in 2019 Plaintiff consented to disbarment.

Since his suspension from practicing law, Plaintiff has filed more than 200 ADA accessibility lawsuits as a pro se litigant. One federal court noted that "[r]ather than being a befuddled pro se litigant. [Mr. Strojnik] is an experienced litigator who appears to have altered his business model to work around the loss of his [law] license." *Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dis. LEXIS 24494, at 3-4 (C.D. Cal. Feb. 14, 2019).

Because he is intimately familiar with Title III, Plaintiff is well aware that the statute does not provide for damages and instead only provides for attorneys' fees and injunctive relief. As Plaintiff is no longer acting as an attorney, but is instead acting as a pro se litigant, he cannot recover monetary relief for any alleged violations of Title III. However, Plaintiff has thought up a devious solution to attempt to circumvent this inconvenient problem for him — in addition to bringing unfounded allegations of violations of Title III of the ADA, Plaintiff now also includes an assortment of invalid state law tort claims in an attempt to recover damages where none are available under the ADA. Plaintiff should not be permitted to manipulate the Court and the law and extract damages where none lie.

**THIS COURT DECLARES PLAINTIFF TO BE A VEXATIOUS LITIGANT**

On January 6, 2021, during the pendency of this lawsuit, Judge Humetewa recognized Plaintiff's chicanery for what it is and declared Plaintiff to be a vexatious litigant. *See* Order, *Strojnik v. Driftwood Hospitality Management, LLC, et al.,* Case No.

3

2:20-cv-01532-DJH, Docket No. 49, attached hereto as Exhibit 1. While this holding applies to all future claims of Plaintiff, it would be inequitable to permit Plaintiff to continue to harass the dozens of defendants against whom Plaintiff is currently litigating. BWI asserts that this Court should adopt the holding of the *Driftwood* court and dismiss Plaintiff's claims on this basis.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *State Farm Fire and Casualty Company v. Amazon.com Inc.*, 2018 WL 1536390, *2 (D. Ariz. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555)). A complaint shows facial plausibility when it pleads factual content that allows the court to draw reasonable inferences as to the defendant's liability. *Id.* (citing *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556)). However, when "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 557)).

While the Court must accept as true all well-pleaded factual allegations in the complaint, pleadings that offer no more than legal conclusions are not entitled to the same assumption of truth. *Id.* (citing *Iqbal*, 556 U.S. at 679). The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

4

The present Complaint presents the precise situation that warrants dismissal pursuant to *Twombly* and *Iqbal* and their progeny. Plaintiff has alleged no facts whatsoever in support of his claims against BWI; instead, Plaintiff has manufactured allegations from whole cloth in order to attempt to state a claim of aiding and abetting brand deceit and civil conspiracy. Compl. ¶¶ 93-103, 105-106, 111-112. These allegations are not "well-pleaded," nor are they factual. Rather, the "facts" set forth in the Paragraphs above are wishful thinking flights of fancy that Plaintiff has crafted in order to meet his idea of what he needs to show to state a claim for aiding and abetting brand deceit and civil conspiracy. These allegations do not meet the pleading standards of Rule 8 and should be dismissed.

## **Plaintiff's Aiding and Abetting Claim Fails**

In his Motion to Remand (Docket No. 7), Plaintiff states that he is attempting to bring a claim under the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 et seq. when he claims that BWI aided and abetted "brand deceit." Both the claim for brand deceit and aiding and abetting brand deceit fail.

Aiding and abetting is a derivative claim, meaning the underlying tort allegations must be valid in order for the aiding and abetting claim to stand. *Barrio v. Gisa Investments LLC*, 2020 WL 6081495, at *3 (D. Ariz. Oct. 15, 2020) (citing *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1233 (D. Ariz. 2019) (internal citations omitted) ("aiding and abetting is a derivative tort for which a plaintiff may recover only if he establishes an independent primary tort"). It requires three elements: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Id.* When the underlying tort that serves as the basis for the aiding and abetting claim fails, the claim of aiding and abetting that tort also fails. *Id.*

The Consumer Fraud Act provides an injured consumer with an implied private right of action against the violator of the act. *Holeman v. Neils*, 803 F. Supp. 237 (1992) (citing *Dunlap v. Jimmy GMC of Tucson, Inc*., 136 Ariz. 338, 342, 666 P.2d 83, 87

(App.1983)). The elements of the private cause of action are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury. *Id*. Damage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable. *Id.* (citing *Correa v. Pecos Valley Dev. Corp*., 126 Ariz. 601, 605, 617 P.2d 767, 771 (App.1980)).

A private individual's relief under the Consumer Protection Act is his or her actual damages suffered as a result of the unlawful act or practice. *Id.* (citing *Dunlap,* 136 Ariz. at 342, 666 P.2d at 87; *Peery v. Hansen*, 120 Ariz. 266, 270 (App. 1978). These damages include the consideration paid in the contract and out-of-pocket expenses. *Id.* (citing *Parks v. Macro–Dynamics, Inc*., 121 Ariz. 517, 521, 591 P.2d 1005, 1009 (App.1979). It does not include alleged emotional distress damages.

Plaintiff has failed to allege how this alleged brand deceit, let alone the alleged "aiding and abetting" of brand deceit caused him to suffer any harm, actual or otherwise. This is because Plaintiff did not rely on the alleged misrepresentation and has suffered no proximate injury whatsoever. In the Complaint, Plaintiff falsely claims that he "believed he was dealing with Best Western when in fact he was dealing with an unknown entity." Compl. ¶ 104. That Plaintiff has filed literally hundreds of lawsuits against independently owned and operated hotels owners as opposed to the brands affiliated with them definitively demonstrates that Plaintiff understands that hotels are independently owned and operated, separate and apart from their brand affiliation, and that he in no way was misled by the representations on the website (which as will be discussed below, also clearly disclosed that BWI is not the owner). Plaintiff's past conduct disproves his allegations in this lawsuit.

Further, as in the *Driftwood* matter, Plaintiff's Complaint fails to show what *actual* damages, if any, that he suffered as a proximate result of BWI's alleged fraud. In the present matter, Plaintiff's Complaint merely states that he "suffered an injury in the amount of no less than $35,000.00." Compl. ¶¶ 107, 113. That he cannot specify the precise

6

amount of his damages confirms that he did not suffer any *actual* damages. Had he suffered actual damages, his calculation would certainly be more precise. Actual damage and proximate cause are essential elements of a claim under the Consumer Fraud Act, and Plaintiff has failed to allege either. Stated plainly, Plaintiff fails to allege any actual damages because he suffered no actual damages. As such, Plaintiff's brand deceit claim against Kingman fails, and consequently, Plaintiff's "aiding and abetting" brand deceit claim also fails.

Moreover, Plaintiff's aiding and abetting claim against BWI also fails because the Complaint utterly lacks any competent allegations that BWI ***substantially assisted or encouraged Kingman in committing brand deceit***, as he must to state a claim against BWI. To the contrary, Plaintiff merely alleges that BWI "aided and abetted [Kingman] in providing [Ka website platform in which Kingman committed misrepresentations related to accessibility." Compl. ¶ 112. This is a legal conclusion and nothing more. Plaintiff provides no facts whatsoever regarding BWI's actions or state of mind, which he must in order to maintain his claims against BWI.

Finally, Plaintiff cannot state a claim for fraud of any sort based on these "facts," as the allegations underlying Plaintiff's claims are blatantly false. BWI's publicly available website, including the booking pages for the Wayfarer's Inn & Suites, states, "Each Best Western® branded hotel is independently owned and operated."[2]

---

[2] "The complaint references the website and a complete printout of that website was provided in the motion to dismiss briefing. Accordingly, the website is incorporated into the complaint and the Court may consider its contents without converting the present motion to a motion for summary judgment." *Zandonatti v. Dual Path LLC*, 2017 WL 5668024, at *2 (D. Ariz. Mar. 24, 2017).



As such, BWI did not in any way misrepresent any facts or mislead the public with respect to the ownership of the hotels and any claim to the contrary is utterly without merit.

There is nothing misleading or unlawful about BWI's relationship with its member hotels; to the contrary, this is a well-established business arrangement into which countless organizations have entered. It is not unlawful or uncommon for a hotel, restaurant or other business to be owned by one entity and bear the name of another (e.g., a franchisor or licensor). Plaintiff's feigned ignorance of this widespread practice does not make it unlawful.

Giving credence to Plaintiff's misguided theory of liability against BWI is tantamount to holding that every franchisee/franchisor, licensee/licensor, and brand relationship is replete with fraud, and if Plaintiff's allegations in this regard are considered valid, countless restaurant, hotel and other service establishments' business models would be called into question. Such a contention is patently absurd. There are regulatory mechanisms in place at the federal and state level that allow for such relationships. Many are governed by various statutes and regulations. This further belies Plaintiff's unfounded allegations that these relationships are inherently fraudulent and misleading. The mere fact

that BWI and Kingman have entered into such a relationship in no way supports Plaintiff's claims that BWI has engaged in unlawful activity, and the Court should dismiss these claims out of hand.

### **Plaintiff's Civil Conspiracy Claim Fails**

Plaintiff's civil conspiracy claim similarly fails. "For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Baker*, 197 Ariz. at 542, ¶ 30, 5 P.3d at 256 (citations omitted). To incur liability for civil conspiracy there must be an agreement plus a wrongful act. *Id.* (citations omitted). Essentially, a civil conspiracy requires the conspirators to agree to commit an underlying tort. *Id*. at ¶ 42, 5 P.3d 249; *see also Wells Fargo Bank*, 201 Ariz. at 498, ¶ 99, 38 P.3d at 36. In the present matter, there is neither an agreement nor a tort; this claim fails on all levels.

Plaintiff alleges that "Defendants...agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means," and that "Defendants...agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means," *Id.* ¶¶ 105, 106. As discussed previously, nothing about BWI's relationship with Kingman is "unlawful"; as such, Plaintiff's claim that BWI agreed to accomplish an "unlawful purpose" with regard to an allegedly "deceptive brand" necessarily fails.

Plaintiff's civil conspiracy claim against BWI regarding the accessibility information on the website also fails. BWI's website as it is not a place of public accommodation; as such, Plaintiff cannot bring a claim for an alleged violation of Title III. [3] This allegation is a thinly veiled attempt to hold BWI liable for violation of a statute that does not apply to it—Title III of the ADA—and to obtain damages where none are recoverable. The Court should not reward this unscrupulous behavior.

---

[3] www.bestwestern.com is not a place of public accommodation as BWI does not own or operate any operations enumerated in 42 U.S.C. § 12181 (7)(A)-(L).

Moreover, no agreement to commit this phantom tort exists. Plaintiff's only "evidence" of any agreement is his unsupported conclusory assertion that BWI "agreed" to accomplish an unlawful purpose with Kingman. This allegation falls far short of meeting the pleading standards of *Iqbal* and *Twombly*, and warrants dismissal.

## **CONCLUSION**

For the foregoing reasons, BWI respectfully requests that the Court dismiss Plaintiff's claims against BWI with prejudice.

RESPECTFULLY SUBMITTED this 20th day of January, 2021.

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   s/ Ryan T. Mangum
       Ryan T. Mangum
       Esplanade Center III, Suite 800
       2415 East Camelback Road
       Phoenix, AZ 85016
       Attorneys for Defendant, Best Western International, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of January 2021, the foregoing document was filed through the CM/ECF system and served on the following by email/mail:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
Telephone: (602) 524-6602
ps@strojnik.com
Plaintiff pro se


s/ Bernadette Young

45319385.1