Clerk of the Superior Court
*** Electronically Filed ***
10/13/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-053929            10/12/2020

HONORABLE THEODORE CAMPAGNOLO      CLERK OF THE COURT
                                                        G. Chavez
                                                            Deputy

PETER STROJNIK                         PETER STROJNIK
                                               7847 N CENTRAL AVE
                                               PHOENIX AZ  85020

v.

IMARA HOLDINGS INC                JOHN J DALLER

                                                JUDGE CAMPAGNOLO

## MINUTE ENTRY DENYING MOTION TO DISMISS

     The Court has reviewed and considered Defendant Imara Holdings, Inc.'s Motion to Dismiss Complaint, Plaintiff's Response thereto, Defendant's Reply, the Complaint, and the applicable law. Defendant contends that the Complaint fails to allege subject matter jurisdiction under Rule 12(b)(1), ARIZ. R. CIV. P., based on lack of standing, and fails to state a claim for relief as to any of Plaintiff's causes of action, pursuant to Rule 12(b)(6), The Court finds that oral arguments would not significantly assist the Court in ruling on the Motion. *See* Maricopa County Local Rule 3.2(d).

### Standing under Rule 12(b)(1)

     Defendant asserts that the Complaint fails to allege standing under the ADA, because the allegations are based on Plaintiff's "alleged knowledge," and because the alleged ADA violations are not connected to Plaintiff's alleged disabilities. Under Rule 12(b)(1), subject matter jurisdiction refers to a court's statutory or constitutional power to hear and determine a particular type of case. *Church of Isaiah 58 Project of Arizona, Inc. v. La Paz County*, 233 Ariz. 460, ¶9 (App. 2013).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-053929                                                                              10/12/2020

In *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) [hereinafter referred to as *CREEC*], the Ninth Circuit has provided guidance in cases like these, in which an "ADA tester" challenged public places of accommodation as not being in compliance with the ADA. In order to have standing under the Constitution, a plaintiff must show actual or imminent injury. *CREEC* at 1099. In an ADA case, a plaintiff experiences continuing actual, adverse effects where a defendant's alleged failure to comply with the ADA deters that person from making use of the defendant's facility. *Id*. at 1098 (referring to this as the "deterrent effect doctrine"). There is no requirement that the plaintiff enter the property or use the property's facilities. *Id*. "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id*. at 1098-9 [citation omitted]. Therefore, the issue on a motion to dismiss for lack of standing is whether the pleadings assert that the plaintiff is presently deterred from visiting the hotel. *Id*. at 1099.

Defendant argued that the Supreme Court's decision in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), requires that a plaintiff's plan to return to the facility must have some specific parameters. Defendant argued that Plaintiff's stated intent to return to the hotel was vague. *Lujan* did not involve the ADA. *CREEC* considered the *Lujan* case, and held that the intent to return to a facility after the alleged non-compliance was remedied met the *Lujan* standard. *CREEC* at 1098-9. The allegation that a plaintiff intends to visit a public facility after the alleged non-compliance has been remedied is a sufficient alleged injury under the ADA to withstand a motion to dismiss under Rule 12(b)(1). *Id*. at 1099-1100. Further, the fact that the plaintiff is an ADA tester, whose motive is to file an ADA lawsuit, does not deprive him of standing. *Id*. at 1102.

The sufficiency of a complaint is determined on a case-by-case basis. *Id*. at 1100. In this case, Plaintiff alleged that he reviewed the accessibility and accommodation issues on Defendant's website, and had pictures taken of the exterior and interior of the hotel. The Complaint sufficiently correlates the alleged violations to Plaintiff's alleged disabilities.

This Court has subject matter jurisdiction.

**Rule 8 and Rule 12(b)(6)**

As a general policy matter, Rule 12(b)(6) motions are not favored under Arizona law. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983). That is especially true when such motions are based on pleading insufficiencies. *See e.g., Rowland v. Kellogg Brown & Root, Inc.*, 210 Ariz. 530, ¶10 (App. 2005) (reversing summary judgment for defendant and recognizing sufficiency of complaint despite numerous technical deficiencies in the document).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-053929                                                                  10/12/2020

The court assumes the truth of plaintiff's factual allegations when analyzing a complaint for failure to state a claim upon which relief can be granted. *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, ¶7 (2012). Arizona follows a notice pleading standard. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 (2012). Rule 8 of the Arizona Rules of Civil Procedure provides that a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a complaint is to give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. *Cullen v. Auto-Owners Insurance Co.*, 218 Ariz. 417, ¶7 (2008).

A motion to dismiss is not a procedure for resolving disputes about the facts or merits of a case. *Coleman v. City of Mesa,* 230 Ariz. 352, ¶46 (2012). Instead, the narrow question presented by a Rule 12(b)(6) motion is whether facts alleged in a complaint are sufficient to warrant allowing a plaintiff to attempt to prove his or her case. *Id.* Dismissal is permitted only when a plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Security Life Insurance. Co. v. State Department of Insurance,* 191 Ariz. 222, ¶4 (1998).

The Court finds that the Complaint adequately asserts facts to support its allegations and legal conclusions as required by Rule 8. In reviewing the Complaint, the Court cannot find that Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. The requests for relief contained in Defendant's Motions to Dismiss would require this Court to interpret and analyze the facts of the case that exist outside of the Complaint. This type of fact-finding analysis is not permitted in a Rule 12(b)(6) proceeding.

Rather than attempting to argue the merits of the case, the more effective and efficient way to deal with Defendants' contentions is through the disclosure and discovery process. *See e.g., State ex. rel. Corbin*, 136 Ariz. at 594. If disclosure and discovery fail to establish proof sufficient to meet a plaintiff's *prima facie* burden, then Defendant has the right to file a motion for summary judgment.

IT IS ORDERED that Defendant Imara Holdings, Inc.'s Motion to Dismiss Complaint is denied.

IT IS FURTHER ORDERED that Defendant shall file its answer to the Complaint no later than **October 30, 2020**.