Clerk of the Superior Court
*** Electronically Filed ***
06/12/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                      06/11/2020

| | |
|---|---|
| HONORABLE THEODORE CAMPAGNOLO | CLERK OF THE COURT<br>G. Chavez<br>Deputy |
| | |
| PETER STROJNIK | PETER STROJNIK<br>7847 N CENTRAL AVE<br>PHOENIX AZ  85020 |
| v. | |
| K S V A HOSPITALITY PARTNERS L L C | BRIAN C LOCKER |
| | |
| | JUDGE CAMPAGNOLO |

## MINUTE ENTRY DENYING MOTIONS TO DISMISS

      The Court has reviewed and considered Defendant's Motion to Dismiss; Plaintiff's Response thereto; Defendant's Reply in Support of the Motion to Dismiss' Plaintiff's Objection to Defendant's Presentation of Matters Outside of Pleadings in its Motion to Dismiss Dated May 26, 2020; Defendant's Response to Plaintiff's Objection; Plaintiff's Reply in Support of his Objection; the Complaint, the Amended Complaint, and the applicable law. The Court has not considered the exhibits to: Defendant's Motion to Dismiss, Plaintiff's Response thereto, and Defendant's Reply in Support of the Motion to Dismiss for the reasons stated below.

      Defendant contended that the Complaint fails to state a claim for relief, pursuant to Rule 12(b)(6), ARIZ. R. CIV. P. Defendant also alleged that Plaintiff has not shown standing to bring this lawsuit, thereby depriving the Court of jurisdiction. The Court finds that the standing argument is not truly a motion to dismiss for lack of jurisdiction, but that it pertains to the alleged failure to state a claim for relief. The Court finds that oral arguments would not significantly assist the Court in ruling on the Motions. *See* Maricopa County Local Rule 3.2(d).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                                                          06/11/2020

**Extraneous Matters**

Defendant attached 15 exhibits, comprising 210 pages, in its Motion to Dismiss. Except for Exhibit 1, which is an unfiled copy of the Complaint in this case, all of these exhibits were copies of court pleadings, or articles about court pleadings, in other ADA cases in which Plaintiff was a litigant. Some of these exhibits were copies of federal district court rulings dismissing Plaintiff's cases. Plaintiff's Response contained five exhibits of copies of other ADA cases in which Plaintiff was a party. Defendant's Reply contained 12 exhibits, comprising 168 pages of copies of additional pleadings or orders from other ADA cases filed by Plaintiff.

In considering a motion to dismiss for failure to state a claim, if the trial court considers matters outside the pleadings (extraneous matters), it must treat the motion as a Rule 56 motion for summary judgment and allow the non-movant a reasonable opportunity to present all pertinent material in response. *Strategic Development and Construction, Inc. v. 7th and Roosevelt Partners, LLC*, 224 Ariz. 60, ¶1 (App. 2010). Matters of public record or matters that are central to a complaint are not considered "extraneous matters." *Id.* at ¶¶13 & 14. Referring to documents attached to a complaint are not extraneous matters. *Id*. at ¶10. None of the exhibits were attached to the Complaint or the Amended Complaint.

Some of the exhibits are public records of court rulings from other jurisdictions, mostly, if not entirely, from the federal system. Technically, they may be non-extraneous matters. However, after reviewing each of the exhibits, it was clear that the Defendant's purpose for the exhibits was to show that Plaintiff has filed many ADA lawsuits, and that some of them have been dismissed. Plaintiff's purpose was to rebut Defendant's exhibits to show that some motions to dismiss have been denied in other ADA cases he filed. The underlying purpose of the exhibits is simply not relevant in a Rule 12(b)(6) proceeding. In a Rule 12(b)(6) proceeding, the Court is not allowed to consider other cases in which Plaintiff has been an ADA plaintiff. The Court can only look at the four corners of the Complaint. The exhibits, therefore, are not "central to the Complaint."

The Court does not believe this matter is ripe for summary judgment consideration. Therefore, the Court deems all of the exhibits attached to both parties' pleadings to be extraneous matters, and the Court has not considered them in making its determination on the Motion to Dismiss.

Alternatively, even if the Court had considered the exhibits to the pleadings, the Court finds that they are irrelevant to the determination of whether Plaintiff has stated a claim for relief.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                              06/11/2020

**Rule 8 and Rule 12(b)(6)**

      Although the ADA is a federal statute, and, therefore, federal substantive law applies, the Court applies Arizona procedural law. As a general policy matter, Rule 12(b)(6) motions are not favored under Arizona law. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983). The court assumes the truth of plaintiff's factual allegations when analyzing a complaint for failure to state a claim upon which relief can be granted. *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, ¶7 (2012). Arizona follows a notice pleading standard. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 (2012). Rule 8 of the Arizona Rules of Civil Procedure provides that a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a complaint is to give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. *Cullen v. Auto-Owners Insurance Co.*, 218 Ariz. 417, ¶7 (2008).

      A motion to dismiss is not a procedure for resolving disputes about the facts or merits of a case. *Coleman v. City of Mesa,* 230 Ariz. 352, ¶46 (2012). Instead, the narrow question presented by a Rule 12(b)(6) motion is whether facts alleged in a complaint are sufficient to warrant allowing a plaintiff to attempt to prove his or her case. *Id.* Dismissal is permitted only when a plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Security Life Insurance. Co. v. State Department of Insurance,* 191 Ariz. 222, ¶4 (1998).

      The Defendant's Motion to Dismiss would require this Court to conduct an analysis of the facts of the case that exist outside of both the Complaint and Amended Complaint, and to interpret legal issues as to those facts. Defendant is basically asking this Court to decide the substantive ADA issues, which is not permitted in a Rule 12(b)(6) proceeding. The Court finds that the Amended Complaint adequately asserts facts to support its allegations and legal conclusions as required by Rule 8. In reviewing the Amended Complaint, the Court cannot find that Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof.

      Rather than attempting to argue the merits of the case, the more effective and efficient way to deal with Defendants' contentions is through the disclosure and discovery process. The case of *State ex. rel. Corbin* is instructive. In *Corbin*, the Arizona Supreme Court held that even if a complaint was deficient, it should not be dismissed if it appears that other pre-trial procedures may cure a defective pleading. *Corbin*, 136 Ariz. at 394. If disclosure and discovery fail to establish proof sufficient to meet Plaintiff's *prima facie* burden, then Defendant has the right to file a motion for summary judgment.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                                 06/11/2020

    IT IS ORDERED denying Defendant's Motion to Dismiss.

    IT IS FURTHER ORDERED that Defendant shall file its answer to the First Amended Complaint no later than July 10, 2020.