**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, <br><br> Plaintiff, <br> vs. <br><br> Lonesome Valley Hospitality LLC, et al., <br><br> Defendants. | No. CV-20-08276-PHX-SPL <br><br> **ORDER** |

Before the Court is Plaintiff's Motion to Remand Arizona Consumer Fraud Act – Brand Deceit Claims to Superior Court Pursuant to U.S.C. 1441(c). (Doc. 11). For the following reasons, the Court will *sua sponte* remand the entire case for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On or about August 17, 2020, Plaintiff visited Defendants' hotel to test its compliance with the Americans with Disabilities Act ("ADA"). (Doc. 1-1 at 20). On September 22, 2020, Plaintiff filed a complaint in Yavapai County Superior Court alleging eight causes of action: (1) violations of the ADA, (2) negligence, (3) negligent misrepresentation, (4) failure to disclose, (5) fraud, (6) "brand deceit," (7) civil conspiracy, and (8) aiding and abetting. (Doc. 1-1 at 20-31). On October 23, 2020, Defendants removed the action to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the related state law claims. (Doc. 1 at 2). There are also sixteen other cases brought by Plaintiff pending in this Court alleging similar claims against

various hotels across Arizona.[1] On November 13, 2020, Plaintiff filed the instant Motion to Remand the Arizona Consumer Fraud Act – Brand Deceit Claims. (Doc. 11). These state law claims each relate to the theory that Defendants "have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names . . . to mislead the lodging public into believing they are booking a hotel room at a national brand name property when in fact they are booking a room with an unknown owner and an unknown operator." (Doc. 11 at 2-3). Plaintiff argues these claims "share[] no common factual nucleus with the ADA claim." (Doc. 11 at 1).

## II. SUPPLEMENTAL JURISDICTION

Generally, a civil action filed in state court may be removed if the district court has original jurisdiction. 28 U.S.C. § 1441(a)-(b). Claims arising under the laws of the United States are considered within the original jurisdiction of the Federal Courts. 28 U.S.C. § 1331. In a civil action in which a district court has original jurisdiction over at least one claim, the court also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Here, notwithstanding the parties' arguments on supplemental jurisdiction, the Court has doubts as to whether Plaintiff even has standing to bring his ADA claim. If the Court lacks subject matter jurisdiction over that claim, it cannot maintain supplemental jurisdiction over the state law claims. *See, e.g.*, *Skysign Int'l, Inc. v. City and County of Honolulu*, 276 F.3d 1109, 1118 n.7 (9th Cir. 2002) ("[H]ad Skysign lacked standing to bring its federal claim, the district court would have lacked subject matter jurisdiction over that claim and accordingly would have had no discretion to hear the state law claims."). Additionally, this Court recently remanded a nearly identical Strojnik complaint *sua sponte*

---

[1] Those cases are: 2:20-cv-00343-DWL; 2:20-cv-01434-JJT; 3:20-cv-08194-JAT; 4:20-cv-00331-JGZ; 2:20-cv-01532-DJH; 2:20-cv-01566-DJH; 3:20-cv-08232-JJT; 2:20-cv-01763-JJT; 3:20-cv-08247-JAT; 3:20-cv-08268-DWL; 3:20-cv-08264-JJT; 2:20-cv-02065-DLR; 3:20-cv-08262-DWL; 3:20-cv-08276-SPL; 2:20-cv-02065-DLR; 3:20-cv-08313-MTL; and 2:20-cv-02289-SMB.

for lack of standing. *Peter Strojnik v. HPTRI Corp. et al.*, No. CV-20-01868-PHX-SPL, 2020 WL 6827765, at *1 (D. Ariz. Nov. 20, 2020). The Court will therefore consider Plaintiff's standing *sua sponte* here before determining whether supplemental jurisdiction is appropriate. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999) ("[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing.").

**III. STANDING**

  **A. Legal Standard**

In ADA cases, "to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). At an "irreducible minimum," a plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, ––– U.S. ––––, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). "In the context of injunctive relief, [the plaintiff] must *additionally* . . . establish a 'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (emphasis added) (citations omitted).

When bringing claims under the ADA, standing can be shown "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). In other words, an ADA plaintiff has standing if he "intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury" or, alternatively, if he "has actual knowledge of illegal barriers at a public accommodation to which he or she desires access . . . and remains deterred." *Id.* at 948;

*Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1135-37 (9th Cir. 2002).

For the following reasons, Plaintiff fails to sufficiently allege either an injury-in-fact or a threat of repeated injury, and therefore lacks standing to bring his ADA claim.

### B. Analysis

Plaintiff here, Peter Strojnik, is a serial litigant who has "filed over 1,700 complaints in Arizona state court and over 160 complaints in the Arizona District Court alleging violations of the Americans with Disabilities Act ('ADA')." *Strojnik v. State Bar of Arizona*, 446 F. Supp. 3d 566, 571 (D. Ariz. 2020). As this Court explained in *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, most of Strojnik's cases have been dismissed "with prejudice for lack of standing." 279 F. Supp. 3d 891, 894 (D. Ariz. 2017); *see also Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12 (N.D. Cal. June 1, 2020) (explaining that "the vast majority of courts who have reached the issue have granted Rule 12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis"); *Strojnik v. Vill. 1017 Coronado, Inc*., No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (collecting cases and noting that Strojnik "has filed identical allegations in multiple courts and has been repeatedly told that the allegations are insufficient for standing"). Unsurprisingly, Strojnik also fails to sufficiently allege standing in this case.

### i. Injury-in-fact

First, Strojnik's alleged injury is neither concrete nor particularized. Strojnik continues to use the same boilerplate arguments used in his previous filings but inserts new photos of alleged non-compliance which allegedly "cause[] Plaintiff to experience pain and discomfort" and "deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." (Doc. 1-1 at 9-11, 13). But saying these alleged violations give him standing does not make it so. To plead standing sufficiently, Strojnik must allege "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Strojnik fails to show how the alleged violations inhibit him because of his specific disabilities, he fails to do so here.

4

For example, Strojnik alleges the hotel has "[n]o [wheelchair] accessibility to passenger waiting area" and that there are "[n]o handrails on ramps throughout" the hotel. (Doc. 1-1 at 13, 14, 16). However, regarding his own personal wheelchair use, Strojnik only alleges he requires the use of a wheelchair to ambulate when his disabilities are "in their unmitigated state." (Doc. 1-1 at 7). Missing from the Complaint, however, are any factual allegations from which this Court can conclude Plaintiff needed to use his wheelchair when he visited the hotel, or even how frequently Plaintiff needs a wheelchair generally. *Compare Strojnik v. Village 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (finding that Strojnik failed to establish Article III standing where he "d[id] not allege when he needs the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time he wished to visit the Hotel") *with Pickern*, 293 F.3d at 1136 (holding that the plaintiff, who required use of a wheelchair, adequately plead an injury-in-fact because he was forced to wait in the parking lot of the grocery store due to the store's lack of wheelchair access, thus establishing that he required wheelchair access at the time he patronized the store).

Instead, the Complaint merely lists off Strojnik's disabilities, includes grainy photos of areas of Defendants' hotel he claims fall below ADA standards generally, and alleges that "the violations documented above are directly related to his disabilities by the application and use of common sense." (Doc. 1-1 at 17). But it is not this Court's job to connect the alleged ADA violations to Strojnik's disabilities—it is Strojnik's. *See, e.g.*, *Gastelum v. Phoenix Cent. Hotel Venture, LLC*, No. CV-17-04544-PHX-DLR, 2019 WL 498750, at *3 (D. Ariz. Feb. 8, 2019) ("A 'bare procedural violation' unassociated with a plaintiff's particular disability 'cannot satisfy the demands of Article III' standing.") (citing *Spokeo*, 136 S. Ct. at 1549). Accordingly, Strojnik fails to allege injury-in-fact.

    ii.    *Real and immediate threat of repeated injury*

Nor has Strojnik sufficiently shown a genuine intent to return to Defendants' hotel and, as such, he fails to allege a real and immediate threat of repeated injury. An ADA plaintiff "demonstrates a real and immediate threat if he 'is currently deterred from visiting

that accommodation by accessibility barriers.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (citations omitted). However, for a plaintiff to "satisfy the requirement of imminent injury" under the deterrence theory, he must express more than a "vague desire to return" to the hotel. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). As the United States Supreme Court has repeatedly held, "a profession of an 'inten[t]' to return . . . is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

Strojnik's Complaint alleges he "intends to return to the Hotels periodically to test them for ADA compliance." (Doc. 1-1 at 4-5). But he doesn't specify when he intends to return or provide any evidence of such an intent. To the contrary, Strojnik's litigious history casts doubt on the sincerity of his professed intent to return to Defendants' hotel. *See, e.g.*, *Strojnik v. BW RRI II, LLC*, No. 20-CV-03142-AGT, 2020 WL 5210897, at *2 (N.D. Cal. Sept. 1, 2020) ("Given the volume of cases Strojnik has filed (numbering in the thousands according to the Arizona Bar), and his litigation practices, there is reason to doubt the veracity of his averment that he intends to visit the [defendant's hotel] after the hotel's accessibility barriers are removed. More likely is that he will try to obtain a monetary settlement and move on."). Strojnik's conclusory statement of intent to return, without more, fails to show how Strojnik will suffer imminent injury by Defendants' alleged failure to implement accommodations. *See Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *2 (D. Ariz. May 25, 2018) (dismissing Strojnik's ADA claim for lack of standing because he only made "the bare allegation that he 'intends to book a room at the Defendant's hotel once Defendant has removed all accessibility barriers.'"). Accordingly, Strojnik fails to show the "real and immediate threat of repeated injury" required for ADA standing. *Fortyune*, 364 F.3d at 1081.

## IV. CONCLUSION

For the aforementioned reasons, Strojnik fails to show either that he has suffered an

injury-in-fact or a threat of repeated injury. Strojnik therefore lacks standing to bring his ADA claim. *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel.").

Because the Court lacks subject matter jurisdiction over the ADA claim, it cannot exercise supplemental jurisdiction over the state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over [plaintiff's] state law claims.") (citing 28 U.S.C. § 1367(a)); *see also Strojnik v. Hotel Circle GL Holdings, LLC*, No. 119-CV-01194-DAD-EPG, 2019 WL 6212084, at *6 (E.D. Cal. Nov. 21, 2019) (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim failed for lack of standing).

The Court will therefore remand the entire case. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014) ("[T]he district court may remand at any time prior to final judgment for lack of subject matter jurisdiction"); *see also Advocates for Individuals With Disabilities LLC v. WSA Properties LLC*, 210 F. Supp. 3d 1213, 1225 (D. Ariz. 2016) (concluding, after finding Strojnik's ADA claims lacked Article III standing, that "the Court will remand rather than dismiss this case. In remanding, the Court will not dismiss the federal ADA claims because state courts have concurrent jurisdiction over those claims and the state courts may decide [whether Strojnik has] sufficient standing to pursue them").[2] Accordingly,

---

[2] The Court declines to grant Strojnik leave to amend his Complaint. Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (although "leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile"); *see also Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020) (affirming district court decisions to dismiss Strojnik's complaints without leave to amend because amendment would be futile; *Pasadena Robles*, 801 Fed. App'x at 570 (same).

7

**IT IS ORDERED** remanding this action to state court *sua sponte* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand Arizona Consumer Fraud Act – Brand Deceit Claims to Superior Court Pursuant to 28 U.S.C. 1441(c) (Doc. 11) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Yavapai County Superior Court and terminate this case.

Dated this 1st day of December, 2020.

Honorable Steven P. Logan
United States District Judge