Ryan T. Mangum, SBN 34344
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Fax:  602-778-3750
ryan.mangum@ogletree.com

Jennifer S. Rusie (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219
Telephone: 615-687-2223
Fax: 615-254-1908
Jennifer.rusie@ogletree.com

Attorneys for Defendant, Best Western International, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites; Best Western International, Inc.,<br><br>　　　　Defendant. | No.  3:20-cv-08333-JJT<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff's response to Best Western International, Inc.'s Motion to Dismiss is consistent with his reputation of abusing and frustrating the central purpose of the Americans with Disabilities Act.  As set forth in the Motion to Dismiss of Defendant Best Western International, Inc. ("BWI"), Plaintiff has utterly failed to counter BWI's argument that Plaintiff has not sufficiently pled actual damages.  Monetary damages are an essential

element of Plaintiff's aiding and abetting deceit[1] and civil conspiracy claims. *Erchonia Med. Inc. v. Smith*, 2005 WL 8160621, at *10 (D. Ariz. Dec. 21, 2005); *Baker ex rel Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 542 (2000). Not only has Plaintiff failed to adequately plead damages or counter BWI's argument regarding damages, Plaintiff's own Complaint definitively disproves any claim that Plaintiff could possibly have suffered any monetary damages, as he makes clear that ***he did not book a room at the hotel in question***. Compl. ¶ 64. As Plaintiff did not book a room at the hotel, he could not have incurred any monetary damages with respect to the hotel or website.

Moreover, though Plaintiff acknowledges he had no reasonable reliance, he argues that reliance need not be reasonable to state a claim under the Arizona Consumer Fraud Act ("ACFA"). Reasonable or not (not here), however, reliance must have actually occurred. "It is clear that before a private party may exert a claim under the statute, he must have been damaged by the prohibited practice. *A prerequisite to such damages is reliance on the unlawful acts*." *Erchonia Med. Inc.*, 2005 WL 8160621, at *10 (emphasis in original) (citing *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. 1978)); *see also State of Arizona v. Hameroff*, 884 P.2d 266, 269 n. 4 (Ariz. Ct. App. 1994) (noting "that plaintiffs bringing a private cause of action under the Act may not recover unless they prove that they relied on the defendant's unlawful practice and were damaged thereby"). Plaintiff's assertion that he visited the hotel but did not move forward with booking a room definitively proves that he did not rely any alleged misrepresentations on the website regarding accessibility features or ownership. Rather, instead of relying on the

---

[1] Plaintiff also includes an allegation that BWI aided and abetted Kingman's alleged misrepresentation of accessibility features on the website by providing a platform in which Kingman made such disclosures. Plaintiff relies upon 28 CFR 36.302 for his assertion that Kingman had a duty to make such disclosures. The Department of Justice has expressly declined to impose disclosure requirements on third-party reservations systems, such as BWI's website. 28 C.F.R. Pt. 36, App. A § 302, available at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a302. Plaintiff cannot do an "end run" around this explicit guidance by alleging that BWI aided and abetted Kingman's alleged failure to make disclosures.

2

representations on the website, Plaintiff conducted his own in-person "investigation" of the property.

Plaintiff's Response also undermines his claims in other ways. On one hand, Plaintiff bases his brand deceit claim, aiding and abetting claim, and civil conspiracy claim on alleged misrepresentations regarding hotel ownership because BWI is a "reputable national lodging chain," has a positive reputation, and that "the general public, including Plaintiff, identify Best Western properties with a higher degree of lodging standard and general integrity than AIH." Compl. ¶¶ 100, 94, 85. On the other hand, Plaintiff states that there is no consistency among the hotels affiliated with the Best Western brand because every hotel franchisee or member uses "different building architecture, different beds, different sheets, different room layouts, different check in counter, different passenger loading zone and, most importantly, different accessibility elements. A hotel franchisee simply uses the brand name as a marketing tool…***So, when an Arizona guest enters a hotel with a Best Western sign, the likelihood that he or she will receive the same quality of lodging there as in every other Best Western is virtually nonexistent***." Pl.'s Resp., Docket No. 20, p. 10 (emphasis added).

Plaintiff makes this baseless assertion in a half-baked attempt to dispute BWI's "interesting observation" that in order for Plaintiff's fraud claims to hold water, the entire brand relationship system utilized by countless restaurants, hotels and other service providers would crumble by distinguishing the fast food industry and the lodging industry. This attempt fails. Plaintiff cannot have it both ways—he cannot claim that he and others rely upon BWI's relationship for consistency and quality, and then claim that there is no consistency whatsoever among Best Western hotels.

The truth is that there is nothing fraudulent whatsoever about BWI's relationship with its members, that Plaintiff is well aware of this relationship—indeed, he cites BWI's Rules and Regulations throughout his Response—and that even if he did not know that each Best Western-branded hotel is independently owned and operated (which he did based on the hundreds of cases that he filed prior to being disbarred), the website makes this fact

3

clear.[2]

For these and the reasons noted in our motion to dismiss, Plaintiff's claims should be dismissed with prejudice for failure to state a claim and by virtue of Plaintiff having been deemed a vexatious litigant. *See* Order, *Strojnik v. Driftwood Hospitality Management, LLC, et al.,* Case No. 2:20-cv-01532-DJH, Docket No. 49, attached to BWI's motion to dismiss as Exhibit 1.

RESPECTFULLY SUBMITTED this 28th day of January 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Jennifer S. Rusie_____
Ryan T. Mangum
Jennifer S. Rusie (admitted *pro hac vice*)
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Attorneys for Defendant Best Western International, Inc.

---

[2] Plaintiff's claim that BWI's website does not include language regarding the ownership of its hotels is disingenuous. The disclosure is on the website. The screenshot Plaintiff includes in his brief is an obvious attempt to mislead this Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January 2021, I transmitted the foregoing document by email/mail to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
Plaintiff pro se


s/ Susan Stimson

45808532.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

5