Michael A. Ludwig, Bar #015481
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7844
mludwig@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Kingman
Investments, LP

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | NO. 3:20-cv-08333-JJT |
| Plaintiff, | **Defendant Kingman Investments, LP's Motion to Dismiss** |
| v. | |
| Kingman Investments, LP dba Best Western Plus A Wayfarer's Inn & Suites; Best Western International, Inc., | |
| Defendants. | |

Defendant Kingman Investments, LP, by and through counsel undersigned, hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). As the District of Arizona has already ruled in an indistinguishable case, Plaintiff's Complaint is "deficient and do[es] not show an injury-in-fact" as to his ADA claims and his attendant state law claims. *Strojnik v. Driftwood Hospitality Management LLC*, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021). As a result, his Complaint should be dismissed with prejudice.[1]

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This Court is no doubt familiar with Plaintiff's history. In 2016 and 2017, as

---

[1] Prior to bringing this motion, in accordance with this Court order regarding 12(b) motions (Doc. 18), counsel for Kingman Investments conferred with Plaintiff both via e-mail and by telephone regarding the motion. The parties were unable to agree that the pleading is curable by a permissible amendment. A notice of certification of conferral is filed contemporaneously with this motion.

9086994.1

an attorney, Plaintiff brought more than 1,700 lawsuits under the ADA or its state law equivalent. *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). Filing of these frivolous lawsuits – in which his clients lacked standing but demanded extortionate settlements – led to his disbarment. *See* STATE BAR OF ARIZONA, https://azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last visited January 26, 2021). Now, untethered from his ethical obligations, Plaintiff has resumed filing lawsuits under the ADA, now as a *pro se* litigant. His conduct has already led to orders designated him as a vexatious litigant in the Northern District of California (*Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020)), the Central District of California (*Strojnik v. SCG Am. Construction Inc.*, 2020 WL 4258814, at *8 (C.D. Cal. Apr. 19, 2020)), and, most recently, the District of Arizona (*Strojnik v. Driftwood Hospitality Management LLC*, 2021 WL 50456, at *11 (D. Ariz. Jan. 6, 2021)). State courts have done the same; just over a week ago, in fact, Plaintiff was designated a vexatious litigant in Yavapai County. *See* Under Advisement Ruling in V1300CV202080186, attached as Exhibit 1, at pg. 2 (declaring Plaintiff a vexatious litigant under A.R.S. § 12-3201).

Plaintiff's lawsuits all follow the same *modus operandi*: he visits a website for a hotel, then he visits a hotel, identifies purported violations of ADA guidelines, and files a lawsuit purporting that he was deterred from returning to the hotel and suffered an injury-in-fact. *See Driftwood*, 2020 WL 50456 at *5 ("Many courts, reading Mr. Strojnik's many complaints, have seen the same boiler-plate allegations and note Mr. Strojnik's 'longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and [his] disability.'")

This Complaint follows that same model: Mr. Strojnik alleges that he visited a website to learn information about Kingman Investments' hotel (a Best Western Plus)in Kingman, Arizona, then visited it on August 26, 2020. *See* Complaint ¶ 32 (Doc. 1-3 at

pgs. 15, 25).[2]

As usual, Plaintiff identifies a list of apparent ADA violations, claiming that each violation denies him full and equal access "that would satisfy the injury-in-fact requirement." *See* Complaint ¶ 32 (Doc. 1-3 at pg. 14). But Plaintiff doesn't actually do this: instead, he just gives generic descriptions, like "identification," "no marked passenger loading zone," "10 lbs to open," and so forth. *See* Complaint ¶ 32 (Doc. 1-3 at pgs. 14 – 25).

On this flimsy basis, Plaintiff brings seven different causes of action: (1) Violation of the ADA, (2) Negligence and Negligence Per Se, (3) Negligent Misrepresentation, (4) Failure to Disclose, (5) Common Law and Statutory Fraud, (6) Consumer Fraud – Brand Deceit, (7) Civil Conspiracy, and (8) Civil Aiding and Abetting. All of these except the last – Civil Aiding and Abetting – are brought against Kingman Investments. Plaintiff's valuation of his damages fluctuates paragraph-by-paragraph throughout the Complaint, with the highest figure reaching $235,000. *See* Complaint ¶ 81 (Doc. 1-3 at pg. 30).

## II. **LEGAL ANALYSIS**

As a threshold matter, Plaintiff does not have standing to assert his claim under the Americans With Disabilities Act. His attendant state law claims, meanwhile, are all dependent on this doomed ADA claim and fail to state a claim anyway. As a result, the entirety of Plaintiff's Complaint should be dismissed.

### A. **Plaintiff lacks standing.**

Under the ADA, a plaintiff "can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

---

[2] Doc. 1-3 is a number of exhibits (starting with Exhibit 2) to the Notice of Removal, but the Complaint is actually designated "Exhibit 3" and this allegation is on page 22 of Exhibit 3, but page 25 of "Doc. 1-3." Given this possible confusion, Kingman Investments will refer to the paragraph where the allegation is found in the Complaint, but also the actual page of the docketed document itself. For example: because this allegation is on page 25 *of Doc. 1-3*, it will be referenced that way.

F.3d 939, 944 (9th Cir. 2011). Deterrence requires that the plaintiff show that, once he became aware of discriminatory conditions at a public accommodation, he is deterred from visiting or patronizing that accommodation. *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1136-37 (9th Cir. 2002). But this requires more than a "vague desire to return" without any description of concrete plans. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Injury-in-fact, meanwhile, requires showing that a barrier relating to his disability prevents his full and equal enjoyment of the premises and that he is going to encounter that barrier again. *Chapman*, 631. F.3d at 948.

Plaintiff's cookie cutter lawsuits fail to show either of these. In fact, federal courts have repeatedly rejected Plaintiff's claim that he has standing to bring these ADA claims. *See, e.g., Strojnik v. HPTRI Corp.*, 2020 WL 6827765, at *4 (D. Ariz. Nov. 20, 2020) ("Strojnik fails to show either that he has suffered an injury-in-fact or a threat of repeated injury.  Strojnik therefore lacks standing to bring his ADA claim.") and *Strojnik v. Driftwood Hospitality Management LLC*, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021) ("Strojnik's Complaints are similarly deficient and do not show an injury-in-fact. He has not demonstrated standing to bring his ADA claims, which, therefore, must be dismissed.")

The same is true here. Plaintiff's Complaint contains no indication that he would return to Kingman Investments' hotel if it were accessible or why he has an interesting in staying at this hotel. This, coupled with the fact that he has personally sued dozens of other hotels, gives reason "to doubt the sincerity of any alleged deterrence" anyway. *Driftwood*, 2021 WL 50456, at *4-5. He cannot, thus, show that he is deterred from visiting this hotel.

He can't establish an injury-in-fact, either. At no point in his Complaint does Plaintiff explain how the alleged ADA violations prevent him from full and equal access to the hotels. In fact, his Complaint *says* he's going to do that – the exact language he uses is that he provides descriptions "that would satisfy the injury-in-fact requirement" – but his "descriptions" don't provide any of that information at all. Some are even just a

9086994.1                                                    4

single word:



At no point does Plaintiff explain why this is a barrier. At no point does he explain why this is prevented his full and equal enjoyment of the facility. And at no point does Plaintiff even make a cursory attempt to connect this to a disability. This is exactly what he has done in countless other ADA cases, and it does not come close to satisfying the injury-in-fact requirement for standing under the ADA. As Judge Humetewa explained in *Driftwood*:

> Instead of explaining how the alleged ADA violations prevent him from full and equal access to the hotels, Mr. Strojnik makes vague statements about his disabilities, and it is anybody's guess how the particular hotel features he photographs so meticulously actually impact him. Many courts, reading Mr. Strojnik's many complaints, have seen the same boiler-plate allegations and note Mr. Strojnik's "longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and [his] disability."

2021 WL 50456, at *5 (citing eight cases from myriad courts regarding Plaintiff's failures

1 to adequately allege standing). The result here is the same. Plaintiff plainly lacks standing, so his ADA claim should be dismissed.

Kingman Investments expects that Plaintiff will argue that, even if this Court finds there is no standing, the proper result is to remand this case to state court so it can determine whether there is standing under state law.

That is not the case. Though Arizona's constitution lacks the "case or controversy" requirement of the United States Constitution, Arizona courts nonetheless "have established a rigorous standing requirement." *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Like federal courts, Arizona courts require that the plaintiff "allege a distinct and palpable injury." *Sears v. Hull*, 961 P.2d 1013, 1017 (Ariz. 1998). And, given this parallel, Arizona courts "have previously found federal case law instructive" on standing. *Fernandez*, 108 P.3d at 920.

Moreover, with respect to Plaintiff's specie of ADA claim, Arizona courts have already made clear that the style of allegation made by Plaintiff fails to show establish standing under Arizona law. *See Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 895-96 (D. Ariz. 2017) (dismissing a lawsuit brought by Plaintiff as an attorney for lack of standing after the dismissal of more than 1,000 substantively similar lawsuits in state court). And in fact, just a little over a week ago, a state court in Arizona dismissed a substantively similar lawsuit by Plaintiff on that very basis. *See* Under Advisement Ruling in V1300CV202080186, attached as Exhibit 1, at pg. 1.

Plaintiff's goal isn't to win this case. It's to keep the balls in the air long enough to coerce a settlement from Kingman Investments. *Driftwood*, 2021 WL 50456, at *10 ("Mr. Strojnik has no financial incentive to bring a genuine complaint or to try his cases on their merits…The Court finds that Mr. Strojnik harasses and coerces parties into agreeing to extortive settlements.") Enough. Plaintiff has no standing to bring his ADA claim under any interpretation of state or federal law, and his ADA claims should thus be dismissed with prejudice.

9086994.1

6

### B. Plaintiff fails to state a claim as to his remaining state law causes of action.

Plaintiff's remaining claims are, as they are in every case Plaintiff brings, "different species of fraud and negligence, and they almost all rely on Defendants' alleged ADA violations." *Driftwood*, 2021 WL 50456, at *5. Plaintiff's claims here fall into two categories: (1) claims alleging some sort of negligence, failure to disclose, or misrepresentation based upon the ADA violations at Kingman Investments' hotel and (2) "brand deceit" claims that effectively seek to end hotel franchising in Arizona by claiming the use of the "Best Western" brand by Kingman Investments constitutes fraud or misrepresentation. Neither category states a claim, and all of these attendant state law claims should be dismissed.

#### 1. The state law claims predicated on an underlying ADA violation fail because Plaintiff fails to state an ADA claim.

Plaintiff's first category of claims for negligence, negligence per se, negligent misrepresentation, failure to disclose, common law and statutory fraud, and civil conspiracy are all premised on the alleged ADA violations at Kingman Investments' hotel. *See* Complaint ¶¶ 40-41, 52, 60-62, 69, 98, 102, 106 (Doc. 1-3 at pgs. 27–31). The elements of all of these claims vary slightly, but all require some sort of wrongful act resulting in an injury to Plaintiff. Negligence, for example, requires duty, breach of the standard of care, causation, and damages, *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007), and consumer fraud requires a "deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment" coupled with damage caused by the unlawful practice. A.R.S. § 44-1522(A); *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. App. 1978) ("It is clear that before a private party may exert a claim under the statute, he must have been damaged by the prohibited practice.")

Here, Plaintiff necessarily cannot establish a wrongful act coupled with an injury because he cannot establish his ADA claim. In *Driftwood*, for example, the Court dismissed all of Plaintiff's state law claims because "without a viable ADA claim, without any showing of concrete injury resulting from ADA non-compliance, all of these

associated claims must necessarily fail because Mr. Strojnik fails to demonstrate a concrete injury resulting from ADA non-compliance." 2021 WL 50456, at *6. Other courts have come to the same conclusion. For example, in *Strojnik v. Bakersfield Convention Hotel I, LLC*, the Eastern District of California held that Plaintiff's state law negligence claim failed because "Plaintiff provides no authority, nor is the Court aware of any, to show that Congress enacted the ADA as a separate duty of care to give rise to an independent negligence claim under state laws." 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020).

The same goes here: just as Plaintiff fails to establish standing because he cannot establish an injury-in-fact, so too does he fail to establish the resultant injury necessary to maintain any of these state law claims. As a result, whether couched as negligence, fraud, or something in between, Plaintiff's state law claims that are predicated on an underlying ADA violation (Counts 2, 3, 4, 5, and 7 of his Complaint)[3] all must be dismissed.

        2.    <u>Plaintiff fails to state a claim for "brand deceit" because no such claim exists.</u>[4]

Plaintiff's remaining claims all fall under the category of "brand deceit." There is some overlap here, to be sure – Plaintiff's civil conspiracy claim, for example, is premised on misrepresentation of accessibility features – but the thrust of this group of claims is that Kingman Investments committed fraud by holding itself out as a Best Western Plus, since it is not, in fact, owned by Best Western Plus. *See* Complaint ¶¶ 82 – 115 (Doc. 1-3 at pgs. 28–33).

In some ways, this is not a new claim – Mr. Strojnik has advanced this

---

[3] Plaintiff sought to remand his "civil conspiracy" claim – Count 7 – on the basis that it has nothing to do with an ADA violation. But he specifically alleges his harm is due to issues with ADA liability and misrepresentation of accessibility features, *see* Complaint ¶¶ 98, 102, 106 (Doc. 1-3 at pgs. 30–31), so it is unclear why he treats this as a wholly separate claim.

[4] This argument is also made in Best Western International, Inc.'s Motion to Dismiss (Doc. 19), which applies with equal force to the claims against Kingman Investments, LP.

9086994.1          8

theory in his more recent ADA cases, and it has been rejected every time. In *Driftwood*, the Court concluded that Plaintiff failed to show "what damages Mr. Strojnik suffered as a proximate result of any alleged misrepresentation. Therefore, he fails to demonstrate an injury that is fairly traceable to Defendants' allegedly wrongful behavior." 2021 WL 50456, at *6. Yavapai County Superior Court, meanwhile, dismissed substantively identical allegations against Red Lion in a similar brand deceit claim. *See* Order Granting Motion to Dismiss Complaint, attached as Exhibit 2.

In other ways, though, this *is* a new claim, as no court (and certainly no Arizona court) has ever recognized a claim for "brand deceit." What Plaintiff alleges to be fraud is, in fact, a remarkably common practice. Individual hotels may be franchisees or members of a larger hotel chain. The same goes for restaurants (that may be franchisees of a particular brand) and products (where a manufacturer may license a brand for its product). There is no authority – and Plaintiff cites none – supporting a cause of action in such a situation. That is particularly the case when Plaintiff has made this identical allegation in multiple cases against hotels in Arizona and New Mexico. *See, e.g., Strojnik v. Albuquerque Boca Hotel, LP*, 2020 WL 7643489 (D.N.M. Dec. 23, 2020); *Strojnik v. B&L Motels Incorporated*, 2020 WL 7350897 (D. Ariz. Dec. 15, 2020); and *Strojnik v. Lonesome Valley Hospitality LLC*, 2020 WL 7041347 (D. Ariz. Dec. 1, 2020). Given that Plaintiff keeps running into this same issue – the hotels he visits aren't owned by the brand on the sign – it is difficult to accept that he is actually deceived or misled.

Plaintiff's "brand deceit" claim here fails for all of these reasons. What Plaintiff is suggesting constitutes a cause of action simply isn't, and even if he were to somehow sketch a colorable claim, he does not allege any cognizable injury, particularly when his purported reliance on this "misrepresentation" is fake. As a result, Plaintiff's remaining claims for "brand deceit" should be dismissed.

## III. CONCLUSION

Plaintiff fails to establish he has standing to bring his claims in the first place, fails to allege any cognizable injury, manufactures theories of law where none exist,

and feigns ignorance where appropriate, all to try to get money from Kingman Investments, LP, or Best Western International, Inc., or whoever else he can name in a lawsuit. But as the Court made clear in *Driftwood*, it will not sanction this abuse. Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of February, 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/David C. Potts
　　Michael A. Ludwig
　　David C. Potts
　　40 North Central Avenue, Suite 2700
　　Phoenix, Arizona  85004
　　Attorneys for Defendant Kingman Investments, LP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record or the parties via the Court's CM/ECF system.



/s/D. Potts