Peter Strojnik
7847 North Central Avenue
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| | Case No: 3:20-cv-08333-JJT |
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites; Best Western International, Inc.<br><br>Defendants | **PLAINTIFF'S REPLY RE MOTION THAT DEFENDANT PROVE REMOVAL JURISDICTION**<br><br>**and**<br><br>**RE ALL WRITS ACT MOTION FOR WRIT OF PROHIBITION AGAINST MESSRS. LUDWIG AND POTTS** |

### INTRODUCTION

This, and other ADA cases pending in the district court, will ultimately resolve one troubling question: Is a disabled plaintiff, be he a plumber or a poet, entitled to equal protection of the law or is he not.

ADA violating Defendants invariably confound court filed motions with a political debate. While the object of a political debate is to disparage the opponent, true or false, the object of a motion to dismiss is to determine whether a plaintiff would be entitled to relief requested in the motion. Here, Defendant chooses to engage in a political debate. It knowingly and intentionally defames Plaintiff.  In its response, Dkt. at 35, 2:11-13. Defendant claims that Plaintiff was "disbarred for the very conduct at issue here".  This is a lie worthy of no more than a footnote[1].

---

[1] "If you tell a lie big enough and keep repeating it, people will eventually come to believe it". *Paul Joseph Goebbels*, Adolf Hitler's Propaganda Minister, 1933-1944, death by suicide.
But here, the Big Lie does no succeed. Plaintiff, as lawyer, filed over 1,000 cases in Arizona and earned $1.2M± in lawyer's fees. He donated every red cent of those fees to

**REPLY**

Plaintiff does not suggest that it is improper to remove a state court action based on federal subject matter jurisdiction. Plaintiff merely points out the contradiction between claiming federal subject matter jurisdiction in the removal papers, Dkt. at 1, and immediately following up with a motion to dismiss for *lack* of federal subject matter jurisdiction, Dkt. at 27. While this may make sense to Defendant, it is utterly baffling to Plaintiff.

Plaintiff does not argue that this court *lacks* jurisdiction. The lack of jurisdiction argument is made by Defendant, not Plaintiff. *See* Dkt. at 27. On the other hand, Plaintiff believes that the district court *has* subject matter jurisdiction[2].

Defendant does dispute that it carries the initial burden of proving removal jurisdiction. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Defendant does not even cite to *Abrego* in its response.

Frankly, it is entirely unclear *what* Defendant argues.

**CONCLUSION AND PRAYER FOR RELIEF**

Defendant's and their lawyers' practice of wasting District Court's resources through baseless removals is not an appropriate act in aid of District Court's jurisdiction. It is exactly the opposite. Defendant and counsel are motivated to remove the case from the Superior Court because they know that their motions to dismiss would be denied there,

---

a 501(c)(3) civil rights organization for the disabled. On the other hand, in 2016, the ADA defense bar met with the East Mesa Chamber of Commerce and suggested that ADA violating public accommodations file baseless bar charges in order to intimidate, interfere, retribute, and chill ADA litigation. Plaintiff had enough of the SBA and resigned for the reason that "[his] continuing association with the State Bar is inconsistent with [his] core principles of morality and fair play". Just prior to the trial on the baseless charges orchestrated by the ADA defense bar, SBA's Judge O'Neil and SBA's prosecutor, Ms. Miller, called Plaintiff and literally *begged* him to mutual and consensually dissociate one from the other. Plaintiff ultimately relented and agreed to a mutually consensual disbarment.

[2] See Addendum A to *Plaintiff's Reply To Defendant's Response To Motion To Consider Defendant's Motions To Dismiss Pursuant To 12(B)(1) And 12(B)(6) Sequentially*. Dkt. at 34.

and because they hope that their misuse of District Court's jurisdiction could bring them a better result.  Defendant's counsel and their firm should be enjoined from removing any case filed by Strojnik in the Superior Court and then claiming that the district court lacks jurisdiction.

Plaintiff requests that the District Court issue an appropriate writ of prohibition and enter sanctions. Counsel should be personally sanctioned by an order requiring each of them to contribute $100.00 to a 501(c)(3) organization for the disabled.

RESPECTFULLY SUBMITTED this 23rd  day of February 2021.

**PETER STROJNIK**

_____
Peter Strojnik
Plaintiff

ECF filed this 23rd  day of February 2021 thence to be distributed through PACER.
/s/