Peter Strojnik
7847 North Central Avenue
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Kingman Investments, LP dba Best Western Plus a Wayfarer's Inn & Suites;<br>Best Western International, Inc.<br><br>Defendants | Case No: 3:20-cv-08333-JJT<br><br>**NOTICE REGARDING RESPONSES TO DEFENDANTS' MOTION TO DISMISS [27] AND MOTION FOR BOND [28]** |

On February 2, 2021 Defendant Kingman Investments filed a motion to dismiss claiming lack of jurisdiction and failure to state a claim [28]. On the same day it submitted a motion for bond [29].

As there is some unnecessary confusion with respect to burden of proof of jurisdiction upon removal, Plaintiff submitted his own motion for *Defendants* to prove district court's jurisdiction pursuant to *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) [29]. Plaintiff concurrently filed a Motion to Bifurcate the 12(b)(1) motion from the 12(b)(6) motion based on the premise that if the court ultimately determines that it lacks jurisdiction under 12(b)(1), the 12(b)(6) issue would become moot.

On March 3, 2021, counsel for Kingman Investments kindly inquired whether Plaintiff intends to file a response to motions at [28] and [29].

Plaintiff did not intend to responds pending the Court's resolution of the motion to bifurcate and the court's resolution whether the removing defendant or the non-removing plaintiff bears the burden of proving jurisdiction. Plintiff views this issue as squarely decided by the 9th Circuit Court of Appeals, *see Motion That Defendant Prove*

*Removal Jurisdiction And All Writs Act Motion For Writ Of Prohibition Against Messrs. Ludwig And Potts* at Dkt. 29, citing to *Abrego*.

Defense counsel's reminder bring a good opportunity, however, to bring up the January 25, 2021 9th Circuit Court of Appeals decision in *Whitaker v. Tesla Motors,* 19-56497, ___F.3d____ (9th 2021). Exhibit 1.

The *Whitaker* decision aids Kingman Investment's proof of removal jurisdiction and sheds light on both 12(b)(1) and 12(b)(6) issues raised by counsel. It does not, however, resolve Plaintiff's claim that ADA defense bar's questionable tactic of removing a federal claim from the state court to the district on the basis of district court's subject matter jurisdiction and then immediately asserting lack of subject matter jurisdiction. Such litigation practice does not aid the district court in the exercise of its jurisdiction and violates the All Writs Act. It exposes the district court to a "significant waste of federal judicial resources, much of which [is] avoidable". *Collier v. SP Plus Corporation*, 889 F. 3d 894, 897 (7th Cir. 2018) (citing cases).

Defendant does not address this conundrum of its own making, nor does it address the challenge of explaining *why* it does so. Frankly, there is no explanation for such abuse of the federal judiciary.

1. ***Whitaker* and 12(b)(1)**

In the *Whitaker* case, the complaint alleged that (1) Whitaker is mobility disabled, (2) that he visited defendant's premises, (3) that he personally encountered a barrier related to his disability and (4) that he was thereby deterred from returning. "These allegations are sufficient to establish injury in fact for purpose of standing". *Id.* at p. 14.

2. ***Whitaker* and 12(b)(6)**

The primary focus of the *Whitaker* case was whether plaintiff's ADA the complaint stated a claim. The issue and the conclusion were summarized at p. 5, Section III:

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full

and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

In *Whitaker*, the 9th Circuit Court of Appeals relied on *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). In *Twombly,* the supreme court noted that in determining whether a complaint states a plausible claim, the district court should "draw on its experience and common sense". *Id.* at 556.

Ultimately, judicial experience and just plain old common sense dictate that based on Plaintiff's mobility impairments, Plaintiff has standing and his complaint states a claim.

**3.  Renewed Request to Bifurcate and Set a Briefing Schedule.**

For these reasons, Plaintiff respectfully request that the Court addess Defendant's 12(b)(1) motion and Plintiff's *Abrego* motions first. If the Court finds lack of jursdition and remands the case back to the superior court, the remaining motions become moot and will require no response.  On the other hand, if the court finds jursdiction, then Plaintiff requests a scheduling order with respect to Defendant's 12(b)(6) motion and its motion for bond.

RESPECTFULLY SUBMITTED THIS 4th  day of March, 2021.

**PETER STROJNIK**

_____
Plaintiff

ECF filed this 4th day of March 2021.

3