Michael A. Ludwig, Bar #015481
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7844
mludwig@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Kingman Investments, LP

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| Peter Strojnik, | NO. 3:20-cv-08333-JJT |
|---|---|
| Plaintiff, | **Defendant Kingman Investments, LP's Reply In Support of its Motion to Dismiss** |
| v. | |
| Kingman Investments, LP dba Best Western Plus A Wayfarer's Inn & Suites; Best Western International, Inc., | |
| Defendants. | |

Though styles as a "Notice Regarding Responses to Defendants' Motion to Dismiss and Motion for Bond," Plaintiff really filed a Response. Treating it as such, Kingman Investments, LP hereby replies in support of its motion to dismiss. Plaintiff has not given any reason why this case should not be dismissed for lack of standing, nor has he given any reason why the standing analysis under Arizona law is any different than the standing analysis under federal law. In failing to provide any such reason, he has waived the argument, and this case should be dismissed with prejudice.

### I.    PROCEDURAL BACKGROUND

By way of background, Kingman Investments filed its motion to dismiss on February 3, 2021 (Doc. 27). In response, Plaintiff filed two motions – (1) a motion that defendant "prove removal jurisdiction" coupled with an "All Writs Act Motion for Writ of Prohibition Against Messrs. Ludwig and Potts" (Doc. 29) and (2) a motion to bifurcate

9077749.1

1  (Doc. 30). Kingman Investments responded to both motions (Docs. 33 and 35), and
2  Plaintiff replied (Docs. 34 and 37). Those motions are fully briefed.

3  In the interim, Plaintiff failed to respond to the motion to dismiss. As a
4  result, counsel for Kingman Investments reached out to Plaintiff about his lack of a
5  response, and this "Notice" was subsequently filed (Doc. 39). Rather than substantively
6  respond to the motion, Plaintiff asked the Court to address the motions in the order of his
7  choosing. To the extent that he offers any response to the motion, he cites *Whitaker v.*
8  *Tesla*, a recent Ninth Circuit case that upheld the dismissal – for failure to state a claim –
9  of ADA claims similar to Plaintiff's. 985 F.3d 1173, 1177 (9th Cir. 2021).

10  **II.    LEGAL ARGUMENT**

11         **A.    Nothing in Plaintiff's Notice changes the fact that Plaintiff lacks
                   standing to bring this claim.**
12
13  Though Plaintiff's "motion to prove removal jurisdiction" is, in Kingman
14  Investments' view, a concession that Plaintiff lacks standing to bring this claim, Plaintiff's
15  citation to *Whitaker* suggests that he may have changed his mind on this. But nothing in
16  *Whitaker* changes the fact that Plaintiff lacks standing to bring this action.

17  In *Whitaker*, the plaintiff visited defendant's property and filed a complaint
18  that alleged that he "encountered inaccessible service counters that denied him full and
19  equal access to [defendant's property]." *Id.* at 1175. He further alleged that he was
20  deterred from returning to defendant's property because of the "inaccessible service
21  counters." *Id.* The defendant moved to dismiss the complaint under Rule 12(b)(6) for
22  failure to allege facts sufficient to satisfy pleading standards. The Ninth Circuit held that
23  this particular plaintiff has standing to bring the claim, but dismissed the plaintiff's
24  Complaint because he only recited legal conclusions and failed to state facts sufficient to
25  support his ADA claim. *Id.* at 1777.

26  *Whitaker* does not change anything about Plaintiff's claim here. In fact, as
27  the Arizona District Court recently found in *Strojnik v. W2005 New Century Hotel*
28  *Portfolio LP*, Plaintiff still lacks standing in his ADA cases because he fails to provide

9077749.1                                     2

"any meaningful relation between the alleged ADA violations and his disabilities." 2021 WL 763860, at *3 (D. Ariz. Feb. 26, 2021). As note in that case, that "the standard for alleging standing under the ADA is not particularly demanding," but noted that it "demand[s] more than what Strojnik" alleges in his Complaint. Nothing cited by Plaintiff changes the fact that he lacks standing to bring this claim, so his claim should be dismissed.

### B. Because remand is futile (and because Plaintiff waived any argument that it isn't), Plaintiff's Complaint should be dismissed with prejudice.

The remaining question is what this Court should do upon finding that Plaintiff lacks standing. Here, the proper result is dismissal with prejudice. Even if a federal court lacks subject matter jurisdiction, it can still dismiss "[w]here the remand to state court would be futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991).

Remand is futile here for two reasons. First, by failing to respond to the substance of the motion to dismiss at all, Plaintiff has waived any argument to the contrary. Second – and more importantly – there is no significant difference between how Arizona courts and federal courts interpret standing. As noted in the motion to dismiss, Arizona courts "have established a rigorous standing requirement." *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Like federal courts, Arizona courts require that the plaintiff "allege a distinct and palpable injury." *Sears v. Hull*, 961 P.2d 1013, 1017 (Ariz. 1998). It is unsurprising to find that Arizona courts, faced with this same style of lawsuit, have dismissed Plaintiff's claims with prejudice. *See* Under Advisement Ruling in V1300CV202080186 (Doc. 27-1). Importantly, Plaintiff has not offered any legal basis that an Arizona state court would treat his claim any different than an Arizona federal court, especially given the history of how Arizona courts have treated Plaintiff's claims. *See Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 895-96 (D. Ariz. 2017) (dismissing a lawsuit brought by Plaintiff as an attorney for lack of standing after the dismissal of more than 1,000 substantively similar lawsuits in state court).

Remand would just delay the inevitable. Because remand would be futile, Plaintiff's Complaint should be dismissed with prejudice.

### III.     CONCLUSION

There is no reason to keep this lawsuit afloat. Plaintiff lacks standing to bring his claim, and there is no reason to believe the result would be any different in state court. There is no need to indulge him further. This Court should dismiss all of Plaintiff's claims with prejudice.

DATED this 10th day of March, 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/David C. Potts
     Michael A. Ludwig
     David C. Potts
     40 North Central Avenue, Suite 2700
     Phoenix, Arizona  85004
     Attorneys for Defendant Kingman
     Investments, LP

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record or the parties via the Court's CM/ECF system.

/s/D. Potts

9077749.1                                    4